# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| COLDWELL BANKER REAL ESTATE CORPORATION, | )<br>)<br>) |
| Plaintiff, | )<br>) No. 05 C 2492 |
| v. | )<br>) Honorable Philip G. Reinhard |
| L.T.R.C., LLC d/b/a COLDWELL BANKER PREFERRED, CHERYL L. FRISBIE, and KENNETH D. LONG, | )<br>) Magistrate Judge P. Michael Mahoney<br>)<br>) |
| Defendants. | ) |

## MOTION FOR ENTRY OF JUDGMENT PURSUANT TO SETTLEMENT AGREEMENT

Plaintiff, Coldwell Banker Real Estate Corporation ("Coldwell Banker"), respectfully requests that this Court enter judgment in favor of Coldwell Banker and against Defendants L.T.R.C., LLC d/b/a Coldwell Banker Preferred ("Franchisee") and Kenneth D. Long ("Long") pursuant to the terms of the settlement agreement entered into by Coldwell Banker and Defendants Franchisee and Long. In support of its motion, Coldwell Banker states as follows:

## INTRODUCTION

1. On or about September 20, 2006, Coldwell Banker entered into a Settlement and Forbearance Agreement ("Settlement Agreement") with Franchisee and Long to resolve this litigation. Pursuant to the terms of the Settlement Agreement, among other things, Franchisee and Long agreed to make installment payments to Coldwell Banker to satisfy the amounts they owed Coldwell Banker under the Coldwell Banker Real Estate Franchise Agreement ("Franchise Agreement") and Guaranty. Franchisee and Long have failed to make an installment payment when due under the Settlement Agreement. Accordingly, Coldwell Banker respectfully requests

that this Court enter judgment in favor of Coldwell Banker and against Franchisee and Long pursuant to the Settlement Agreement.

## FACTUAL BACKGROUND

2. On or about April 26, 2005, Coldwell Banker filed a five-count Complaint in the United States District Court, Northern District of Illinois, styled *Coldwell Banker Real Estate Corporation v. L.T.R.C., LLC d/b/a/ Coldwell Banker Preferred, Cheryl L. Frisbie, and Kenneth D. Long*, Case No. 05 L 2492 (the "Litigation"). The Complaint arose out of Franchisee's failure to make certain payments under the Franchise Agreement and Long and Frisbie's failure to guarantee Franchisee's performance under the Franchise Agreement.

3. After filing the Complaint, Coldwell Banker, Franchisee and Long engaged in negotiations in an effort to avoid the further expense of the Litigation.

4. On or about September 20, 2006, the parties agreed to settle the Litigation. The parties memorialized their agreement in a written Settlement Agreement.

5. Pursuant to the terms of the Settlement Agreement, among other things, Franchisee and Long agreed to make installment payments to Coldwell Banker for the amounts outstanding under the Franchise Agreement. Specifically, Franchisee and Long agreed to pay Coldwell Banker $207,000 in four installments: (1) one payment of $35,000 due contemporaneously with the execution of the Settlement Agreement; (2) one payment of $10,000 due on or before September 15, 2005; (3) one payment of $10,000 due on or before October 15, 2005; and (4) a final payment of $152,000 due on or before December 31, 2006. (*See* Settlement Agreement, ¶ 4, Exhibit B.) Due to the highly confidential nature of the settlement, a copy of the Settlement Agreement will be provided to the Court for its *in camera* review.

6. The terms of the Settlement Agreement also provide that if Franchisee and Long fail to make an installment payment they are in default under the Settlement Agreement. (*Id.*, ¶ 9(ii).) Upon an event of default, the Settlement Agreement provides that Coldwell Banker may:

> (i) terminate the Franchise Agreement and Coldwell Banker shall be entitled to entry of judgment against Franchisee and Long, jointly and severally, in the amount of $278,208.37 plus any additional amounts due and owing, interest, attorneys' fees and costs, and Franchisee and Long *consent* to the termination of the Franchise Agreement and the entry of such judgment by the Court under such circumstances; (ii) declare the entire unpaid principal balance on this Agreement and Promissory Note and all accrued unpaid interest immediately due; (iii) enforce all of Coldwell Banker's rights under the Security Agreement, including but not limited to, all rights with respect to the Collateral; (iv) exercise any right provided for under this Agreement, the Franchise Agreements, the Guaranty or any other agreement between the Parties; and (v) exercise any right or remedy provided to Coldwell Banker at law or equity.

(*Id.*, ¶ 10.1 (emphasis added).)

7. The Settlement Agreement also contains a provision that provides the Court with authority to enforce the Settlement Agreement, and states that "in the event that any party brings any action to enforce this Agreement, the successful party or parties in any such action shall be entitled to recover from the opposing party or parties any and all attorneys' fees, costs and expenses incurred in connection with such action." (*Id.*, ¶ 18.3.)

8. Although Franchisee and Long made three payments under the Settlement Agreement totaling $55,000, they have failed to make the $152,000 installment payment due on December 31, 2006, and are now in default of the Settlement Agreement.

9. On January 8, 2007, counsel for Coldwell Banker sent a letter to counsel for Franchisee and Long notifying them of their failure to pay $152,000. Despite this notice, Franchisee and Long have not made the installment payment.

# ARGUMENT

10. The legal principles applicable to enforcement of a settlement are simple, straightforward and well established. Settlement of claims is encouraged as a matter of public policy. *See, e.g., Schaap v. Executive Industries, Inc.*, 760 F. Supp. 725, 726 (N.D. Ill. 1994); *Borough of Haledon v. Borough of North Haledon*, 817 A.2d 965, 975 (N.J. 2003).

11. "[I]f a settlement has been reached, the terms of the agreement will be given full force and effect." *Schaap*, 760 F. Supp. at 726 (N.D. Ill. 1994); *see also, Lyles v. Commercial Lovelace Motor Freight*, 684 F.2d 501, 504 (7th Cir. 1982); *Borough of Haledon*, 817 A.2d at 975. A district court has the authority to summarily enforce a settlement agreement reached in a case pending before it. *Debose v. Mueller*, 552 F. Supp. 307, 308 (N.D. Ill. 1982).

12. A party seeking to enforce a settlement agreement need only show that the traditional elements of a contract are present, namely "an offer to compromise and acceptance and . . . a meeting of the minds as to the terms of the agreement." *Schaap*, 760 F. Supp. at 726 (internal citations omitted); *Borough of Haledon*, 817 A.2d at 975.

13. Here, the Settlement Agreement plainly constitutes a binding contract between Coldwell Banker, on the one hand, and Franchisee and Long, on the other. After several months of settlement negotiations, including negotiations with this Court, the parties agreed on the terms of a settlement. These terms, along with other terms and conditions, were memorialized in the written Settlement Agreement provided to the Court. Franchisee and Long indicated their acceptance of the terms in the Settlement Agreement by executing it.

14. Franchisee and Long are now in breach of the Settlement Agreement because they failed to pay Coldwell Banker $152,000 by December 31, 2006. (*See* Settlement Agreement, ¶

4, Exhibit B.) Franchisee and Long's failure to make this payment constitutes an event of default under the Settlement Agreement. (*Id.*, ¶ 9.)

15. Accordingly, this Court should enforce the Settlement Agreement and enter judgment in favor of Coldwell Banker and against Franchisee and Long providing as follows: (1) pursuant to the consent of the parties, judgment is entered in favor of Coldwell Banker and against Franchisee and Long, jointly and severally, in the amount of $223,208.37[1] plus any additional amounts due and owing, interest, attorneys' fees and costs, (2) the Franchise Agreement between Coldwell Banker and Franchisee is terminated, but all of Franchisee's post-agreement obligations shall survive; (3) all of Coldwell Banker's rights under the Security Agreement attached to the Settlement Agreement as Exhibit C, including but not limited to, all rights with respect to the Collateral, are hereby enforced; and (3) Coldwell Banker is entitled to recover from Franchisee and Long its attorneys' fees, costs and expenses incurred in connection with this matter.

WHEREFORE, Coldwell Banker respectfully requests that this Court enter judgment for Coldwell Banker and against Franchisee and Long which provides as follows:

    a.    pursuant to the consent of the parties, judgment is entered in favor of Coldwell Banker and against Franchisee and Long, jointly and severally, in the amount of $223,208.37 plus any additional amounts due and owing, interest, attorneys' fees and costs;

    b.    the Franchise Agreement between Coldwell Banker and Franchisee is terminated, but all of Franchisee's post-agreement obligations survive;

---

[1] This amount constitutes the $278,208.37 judgment amount consented to by the parties in the Settlement Agreement less the $55,000 paid by Franchisee and Long under the Settlement Agreement.

c.  all of Coldwell Banker's rights under the Security Agreement attached to the Settlement Agreement as Exhibit C, including but not limited to, all rights with respect to the Collateral, are hereby enforced;

d.  Coldwell Banker is entitled to recover from Franchisee and Long any and all attorneys' fees, costs and expenses incurred in connection with the filing of this motion; and

e.  grant all other relief proper under the circumstances.

DATED: January 11, 2007

Respectfully submitted,

COLDWELL BANKER REAL ESTATE CORPORATION

By: /s/ Michael J. Grant
    One of Its Attorneys

J. Jeffrey Patton
Michael J. Grant
TABET DiVITO & ROTHSTEIN LLC
The Rookery Building
209 South LaSalle Street, 7th Floor
Chicago, Illinois 60604
(312) 762-9450 (Phone)
(312) 762-9451 (Fax)